John H. Farnham, J.
The complaint alleges in substance that the defendant, Kallet Theatres, Inc. (hereinafter called Kallet), is the owner of certain land in the Town of Camillus, New York, fronting on both West Genesee Street and Kasson Roads. Kallet heretofore ran or conducted a drive-in movie theatre on part of the premises. Plaintiffs own residential property on Kasson Road adjoining Kallet’s land on the south.
• Prior to October 14, 1959, the entire area in question was zoned “ residential ” with Kallet having a permissive use as to that part of its property being used as the theatre on the corner. Prior to the above date, Kallet applied to the Town Board for change of zone of its entire premises from * ‘ Residential ’ ’ to “ Local Business^ ”. On the above-mentioned date an amendment effecting the zone change as applied for was approved by the defendant Town Board.
The plaintiffs allege that the Zoning Ordinance as passed on October 14, 1959, is unconstitutional, illegal and invalid as not being passed for the purpose of public health, safety and morals as required by statute. (Town Law, § 263.) It is further alleged that the ordinance constituted, as passed, a violation of sections 261, 262 and 263 of the Town Law for a multitude of reasons thereunder. The complaint recites violations of the Federal and State Constitutions concerning deprivation of prop *53 erty without due process of law; diminution of property values and further that all the statutory procedure necessary to pass a zoning ordinance of this type were not followed.
It is further alleged in a third cause of action that said amendment is invalid in that it “ grants a zoning change upon conditions or agreements ”, which is an unauthorized delegation of legislative power on the part of the town.
Plaintiffs request a general injunction and a declaration that the ordinance of October 14, 1959, is illegal and void and that the rights of the parties be determined.
There is raised in this action a question of law and fact pertaining to “ spot zoning ”. Singling out a particular parcel of land for a different type zoning is not illegal per se if it is enacted in accordance with a comprehensive plan. (Rodgers v. Village of Tarrytown, 302 N. Y. 115 ; also, see, Buckley v. Fasbender, 281 App. Div. 985.)
In the instant case, however, there is some doubt as to whether the present ordinance was enacted pursuant to any comprehensive plan. The “ Bead Plan ” referred to in the moving papers to date has not been adopted by the Town Board of the Town of Camillus. Further the 1 ‘ Bead Plan ’ ’ did not contemplate the use of such a quantity of land as this ordinance covers.
While it is not within the province of the court to place itself in the shoes of the town planners, the court does take note that there are two large shopping centers on West Genesee Street not far to the east of the proposed site and the Village of Camillus on the west and also immediately across Kasson Bo ad to the west of the subject premises is a recently new P & C Super Food Market.
As to the claim of plaintiffs that the covenant to run with the land is illegal and beyond the power of the town authorities to enter into, the court is aware of the decision of the Appellate Division, Second Department, in the case of Church v. Town of Islip (8 A D 2d 962). There was a dissent in that case and the court understands that decision is on appeal to the Court of Appeals. Hence, the court will not pass on the legality or illegality of such agreements at the present time except insofar as it is concerned with this motion.
The court also feels that sufficient issues of fact have been raised regarding the alleged illegality of the proceeding under article 16 of the Town Law insofar as procedures are concerned that to grant summary judgment on affidavits would be an abuse of discretion. It is alleged by plaintiff that Kallet’s application, the notice of public hearing published by the Town Board and the notice of amendment of the Town of Camillus Zoning *54 Ordinance were all defective. The court feels that questions of fact are raised regarding all three of the above items which cannot be resolved on affidavits.
Every zoning ordinance must be strictly construed against the municipality enacting it, it being in derogation of the common law. (Matter of Glenel Realty Corp. v. Worthington, 4 A D 2d 702 ; Matter of 440 East 102nd St. Corp. v. Murdock, 285 N. Y. 298.) .
Throughout all the proceedings mandated by article 16 of the Town Law, the property was described as “ * * * and being the property now used as the Kallet Drive In Theatre ’ ’. In actuality the property being used as a theatre constitutes only about 60% of the total land covered by this ordinance. This to the court appears to be more than a small or mere minor discrepancy.
Under the circumstances presented and on the several grounds herein enumerated, the court, determines that the motion for summary judgment must be denied.